FILED
 2008 Sep-12  PM 04:14
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD JOE BARBER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **ACCREDITED HOME LENDERS,** ) <br> **INC, et al.,** ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action Number <br> **2:08-cv-1647-UWC** |

### MEMORANDUM OPINION ON
### LACK OF SUBJECT MATTER JURISDICTION

Plaintiff, Donald Joe Barber, brought this action under Ala. Code "7-I-106" on September 8, 2008, apparently claiming that the Defendants (Doc. 1., Compl.) made an unlawful lien on his property.

This Court raises the question of subject matter jurisdiction *sua sponte*. "Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Additionally, it is the Plaintiff's burden to show that this Court has jurisdiction of her claim, either through federal question or diversity. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994).

Plaintiffs claims injuries from due process of law, "restricting religious freedom", and "attempting to deprive[] of property without due process of law." Plaintiff thus appears to be evoking the First Amendment[1] and either the Fifth Amendment[2] or the Fourteenth Amendment[3].

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A party can assert a claim based on the United States Constitution against a private party only if the Constitution or a statute authorizes such claim. Section 1983, which authorizes torts based on the Constitution, does not extend to entirely private conduct. *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191) (1988)). The First, Fifth, and Fourteenth Amendments only apply to either the Federal government or the State governments. Plaintiffs only name private parties as defendants. Accordingly, there is no

---

[1] "Congress shall not make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I.

[2] "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The fifth amendment is prohibitory upon the federal government only." *Chicago, M. & St. P. Ry. Co. V. State of Minn. Ex rel. R.R. & Warehouse Com'n*, 134 U.S. 418, 464 (1890).

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

federal question jurisdiction.

Not only did Plaintiff fail to establish federal question jurisdiction, but he also failed to establish diversity jurisdiction under 28 U.S.C. § 1332.  In order to invoke a federal court's diversity jurisdiction, the plaintiff must assert complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003).  Plaintiff does not state where the parties are located.  In addition, Plaintiff's only statement relating to amount in controversy is for $58,550, which is below the $75,000 requirement.  Accordingly, there is no diversity jurisdiction.

In addition, Plaintiff's papers are not in compliance with Federal Rules of Civil Procedure 8(a)(1)(2)(3) and 10(a).

Plaintiff has failed to meet his burden of establishing this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Therefore, by separate order, this action will be dismissed, without prejudice for want of subject matter jurisdiction.

Done the 12th day of September, 2008.

_____
U.W. Clemon
United States District Judge